# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,        :       Case No. 3:14-cr-088

                                    District Judge Walter Herbert Rice

    -  vs  -                     Magistrate Judge Michael R. Merz

JASON BRICE,

                Defendant.       :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Jason Brice's Motion to Vacate (ECF No. 36) and is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

The case has been referred to the undersigned pursuant to the General Order of Assignment and Reference for the Dayton location of court, allocating the caseload among the Magistrate Judges assigned to Dayton (General Order Day 13-01).

**Procedural History**

Jason Brice was indicted in this Court on June 10, 2014 and charged with kidnapping in violation of 18 U.S.C. §§ 1201(a)(1) and (2) (Count One), and armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and 2 (Count Two)(ECF No. 15, PageID 43-44).  Brice agreed to plead guilty to Count Two in return for the dismissal of Count One (Plea Agreement, ECF No. 24).  The plea colloquy was conducted by Magistrate Judge Newman who referred the case to the Probation Department for preparation of a Presentence Investigation Report ("PSR") (ECF No. 21).  On December 16, 2014, Judge Rice accepted the guilty plea and sentenced Brice to 126 months imprisonment and five years supervised release (ECF No. 31, 32).  Brice took no appeal, but filed the instant Motion to Vacate on June 14, 2016.[1]

# ANALYSIS

Brice has not structured his § 2255 Motion in terms of specific grounds for relief.  Rule 2(c) of the Rules Governing § 2255 Proceedings requires that the "motion substantially follow" either the standard form or a form locally prescribed.  Although Brice has not done so, as a *pro*

---

[1] The Clerk received and docketed the Motion on June 23, 2016, but Brice, as an imprisoned litigant, is entitled to the filing date of June 14, 2016, when he avers he placed the Motion in the prison mailing system. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

2

*se* litigant he is entitled to liberal construction of his pleadings, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *McNeil v. United States,* 508 U.S. 106, 113 (1993).

In the caption of his Motion to Vacate, in addition to invoking recent Supreme Court cases under 28 U.S.C. § 2255, Brice also refers to 18 U.S.C. § 3582, 3553, and 3585(b). Brice calls his filing a "Letter-Motion for Reduction/Modification of Supervised Release Terms and Sentence for Good Cause." (ECF No. 36, PageID 108). To the extent Brice seeks relief under these statutes, he may not combine that request with a motion to vacate under 28 U.S.C. § 2255. Only § 2255 motions are referred to the Magistrate Judge and they are governed by a completely separate body of rules from motions under 18 U.S.C. § 3582. **Defendant is strongly advised to separate out and re-file in a separate motion any request for relief he wishes to make under 18 U.S.C. § 3582 and related statutes.** In this Report, the Magistrate Judge will only deal with issues properly raised under 28 U.S.C. § 2255.

**Claim One:  Modification of Supervised Release**

Brice first requests that the terms of his supervised release be modified (ECF No. 36, PageID 108-10). This request is not properly considered as part of a § 2255 proceeding and should be dismissed without prejudice to its refiling in a separate motion.

**Claim Two:  Credit for Pretrial Detention Time**

On Motion of the United States (ECF No. 9) and after hearing (ECF No. 10), Magistrate Judge Newman ordered Brice detained without bond pending trial (ECF No. 11).  The docket does not show that he was ever released on bond prior to sentencing.

Brice's Motion is ambiguous on this point.  He speaks about "pretrial detention on enlarged conditions," but the docket does not indicate he was ever placed on such conditions.  In order to qualify for credit under 18 U.S.C. § 3585(b), presentence confinement must be in a corrections facility; home confinement with electronic monitoring, for example, is insufficient, as is community treatment center confinement.    The detention must be official, i.e., by the Attorney General, to qualify. *Reno v. Koray*, 515 U.S. 50 (1995); *United States v. Becak*, 954 F.2d 386 (6th Cir. 1992).

To the extent Brice seeks credit for pretrial detention in United States Marshal custody, he is entitled to that credit.  He must first apply to the Bureau of Prisons for the credit and, if the credit is denied by the BOP, file a separate motion under 18 U.S.C. § 3585 for the credit.  Because there is no constitutional entitlement to credit for pretrial detention, this claim as a § 2255 claim should be dismissed without prejudice to its refiling in a separate motion if the BOP denies credit.

**Claim Three:  Guidelines Ambiguity**

In his third claim for relief, Brice seeks the benefit of recent case law.  In *Johnson v. United States,* 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court

found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), is unconstitutionally vague.    Johnson announced a new substantive rule that has retroactive effect in cases on collateral review.  *Welch v. United States,* 576 U.S. ___, 136 S. Ct. 1257 (2016);  In re:  Windy Watkins, 810 F.3d 375 (6th Cir. 2015). The residual clause of the career offender Sentencing Guideline is unconstitutional on the same basis as *Johnson*.  *United States v. Pawlak,* ___ F.3d ___, 2016 U.S. App. LEXIS 8798 (6th Cir. May 13, 2016).  Brice relies on all three cases.

Relying on the logic of Johnson, Brice asks the Court to eliminate any sentencing enhancement based on "ambiguous factors" such as enhancement for prior convictions found to be qualifying predicate offenses under the Sentencing Guidelines or enhancement factors for the use of firearms where the language of the Guidelines is ambiguous.

Brice is not entitled to relief on the basis of either *Johnson* or *Pawlak*.  Brice was not charged or sentenced under the Armed Career Criminal Act ("ACCA") the residual clause of which was found to be unconstitutionally vague in *Johnson*.  Nor was Brice's sentence enhanced as a career offender under the Sentencing Guidelines to which *Pawlak* applied *Johnson*.

Rather, the PSR reveals that Brice received a five-point enhancement of his offense level under the Guidelines for "brandishing" a firearm in the course of the kidnapping used to facilitate the bank robbery (PSR ¶ 52).  U.S.S.G. § 2B3.1(b)(2)(C) requires a five-level increase in the base offense level of 20 if a firearm is "brandished or possessed."  Neither one of those terms is vague or ambiguous.  The background facts in the PSR reveal use of a handgun continuously over a two-day period to commit this offense, including death threats made to the victims.  In the Plea Agreement, Brice expressly agreed to a five-level enhancement for brandishing a firearm (See PSR ¶ 8; Plea Agreement. ECF No. 24, PageID 58).  Brice is a literate

person with some college education and certainly should be presumed to have understood what he agreed to in the Plea Agreement.

Brice participated in kidnapping a family of four and holding them hostage for more than twenty-four hours in a scheme to rob U.S. Bank of over $90,000. Having applied the Sentencing Guidelines to Brice and this offense, the Probation Department found an applicable sentencing range of 135 to 168 months. Judge Rice actually imposed a sentence of 126 months, nine months less than the bottom of the sentencing range and 3.5 years less than the recommended sentence. Given those facts and the trauma inflicted on the four individual victims, Brice's appeal to the rule of lenity is ironic at best.

**Conclusion**

The portions of Brice's Motion seeking relief under 18 U.S.C. §§ 3582 and 3585 should be dismissed without prejudice. The remainder of the Motion seeking relief under 28 U.S.C. § 2255 should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 25, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

6

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).